SUMMONS ISSUED

CV-11 5933

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

CHASHA KUZECKI on behalf )
of herself and all others similarly situated )
)
)
)
Plaintiff, )
)
-against- )
)
)
DANIELS & NORELLI, P.C. )
Defendant. )

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 0 5 2011   ★

LONG ISLAND OFFICE

# TOWNES, J.
## J. ORENSTEIN, M.J.

### CLASS ACTION COMPLAINT

#### *Introduction*

1.  Plaintiff Chasha Kuzecki seeks redress for the illegal practices of Daniels &

    Norelli, P.C. concerning the collection of debts, in violation of the Fair Debt

    Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone

    Communications Privacy Act.

#### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

    FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

    consumer debt, purportedly owed for a consumer purpose.

4.  Defendant's principal place of business is located in Carle Place, New York.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly

    owed by consumers being a debt collection law firm.

1

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28
      U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this
      district.

9.    On information and belief, on a date better known by defendant, defendant
      attempted to collect an alleged consumer debt from the plaintiff.

10.   On or about April 11, 2011 defendant left a pre-scripted or pre-recorded message
      for the plaintiff.

11.   Said message do not state that the communication was from a debt collector.

12.   Said message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing
      to indicate that the message was from a debt collector which constitutes a
      deceptive practice.

13.   Defendant caused plaintiff to incur charges for defendant's collection
      communications when plaintiff had no reason to know the communication's
      purpose.

14.   Defendant was prohibited from placing a call that will cause a charge to plaintiff
      without having notified plaintiff to expect it and without having announced its
      collection purpose.

15.   Defendant called plaintiff's wireless phone number and plaintiff was charged a

2

toll on all those incoming calls.  Plaintiff was not alerted to the calls beforehand.

16.     Said message is in violation of 15 U.S.C. § 1692f(5) for unlawfully causing the plaintiff to incur a charge.

17.     On March  28, 2011 The The Law office of Daniels & Norelli  left a message on plaintiffs voice mail stating **" My name is Steve calling from The Law office of Daniels & Norelli please return my call at 1-800-332-3306 x3059 "** said message communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense hence this message violates Section 1692e(3) . See, e..g  Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

18.     The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir.

3

1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL
275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery
Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); The
same applies to a prerecorded or human voice-mail message, because a voice
mail message containing a law-firm audio caption such as -- **" " My name is
Steve calling from The Law office of Daniels & Norelli please return my
call at 1-800-332-3306 x3059 "** ) would imply meaningful attorney
involvement, which does not exist absent participation by an attorney in the
debt-collection process. See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P.,
412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent
on law firm letterhead . . . does represent a level of attorney involvement to
the debtor receiving the letter. And if the attorney or firm had not, in fact,
engaged in that implied level of involvement, the letter is . . . misleading
within the meaning of the FDCPA.").

19.   The Second Circuit confronted similar facts in Clomon. There, the attorney
defendant approved the form of dunning letters sent by a collection agency
and also "approved the procedures according to which th[e] letters were
sent."988 F.2d at 1317. He did not have any specific involvement with each
debtor's account, however, such as reviewing the debtor's file or the particular
letter being mailed. Id. The Second Circuit concluded that the challenged
letters, despite bearing the defendant attorney's signature, violated Section
1692e(3) because, although literally "from" an attorney, they "were not `from'
[him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila,

4

84 F.3d at 229. The same result is obtained here.

20.     While many courts have ruled  (see e..g Carman v. CBE Group, Inc., 2011

U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): that under the FDCPA, a

debt collector has no right to leave a message and in fact, risks violating either

§§ 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law

firm like **The Law office of Daniels & Norelli** chooses to leave a voice mail

message on the debtors answering machine which uses the words **The Law**

**office of Daniels & Norelli** before any direct and personal involvement ("

with the debtor's account — such as reviewing the debtor's file) - then -

(absent any clear disclosure that no attorney has reviewed the particular

account) this message violates Section 1692e(3) See also e.g Gonzalez v. Kay,

577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors

must not send the message that a lawyer is involved, because this deceptively

sends the message that the 'price of poker has gone up."

21.     Defendants, as a matter of pattern and practice, leave voice mail messages, or

cause voice mail messages to be left on debtors answering machines , using

language substantially similar or materially identical to that utilized by

Defendant in the above-cited message which was left on Plaintiffs answering

machine on March  28, 2011.

22.     Defendants leave thousands of voice mail messages like the one left for

Plaintiff without conducting any meaningful review of the accounts.

23.     The human and or prerecorded voice mail messages Defendants leave, or

cause to be left on debtors answering machines, are produced by Defendants'

concerted efforts and integrated or shared technologies including computer programs, Robo calling technologies ,Dialers ,and electronic databases.

24.    The March  28, 2011, communication is a standardized prescript-ed voice mail

25.    Athough The Law offices of Daniels & Norelli may technically be a law firm, it was not acting in the capacity of a law firm with respect to the  March  28, 2011, Voicemail. The inclusion of "Law Firm" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

26.    If  The Law offices of Daniels & Norelli desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with

6

text on the front and back regarding attorney involvement was confusing to

the least sophisticated consumer and violated § 1692e.

27.   Mr. Steve is not an attorney and, therefore, is not licensed to practice law in

the State of New York or any other State.

28.   At no time did Mr. Steve indicate in the foregoing Message that he is actually

a non-attorney debt collector.

29.   The telephone number **800-332-3306** is answered by persons who are

employed by The Law offices of Daniels & Norelli as non-attorney "debt

collectors" as that term is defined by 15 U.S.C. § 1692a(6).

30.   Said message is in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and

1692e(5) for failing to qualify that the indicate that the message was from a

non attorney, for failing to qualify that no attorney from the firm had reviewed

the debt and for falsely threatening legal action.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

31.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-30

as if set forth fully in this Cause of Action.

32.   This action is brought on behalf of plaintiff and the members classes.

33.   Class A consists of all persons whom Defendant's records reflect resided in the

State of New York and who received telephonic messages from defendant's

representatives within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the telephone message was placed to a consumer seeking

7

payment of a consumer debt; and (c) that the telephone messages were in violation 15

U.S.C. §§ 1692e(11) and 1692e(10).

34.    Class B consists of all persons whom Defendant's records reflect resided in the

State of New York and who received telephonic messages from defendant's

representatives within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the telephone message was placed to a consumer seeking

payment of a consumer debt; and (c) that the telephone messages were in violation 15

U.S.C. §§ 1692f(5) for the consumer being charged for the call.

35.    Class C consists of all persons whom Defendant's records reflect resided in the

State of New York and who received telephonic messages from defendant's

representatives within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the telephone message was placed to a consumer seeking

payment of a consumer debt; and (c) that the telephone messages implied that the filed

was reviewed by an attorney when it was not in violation 15 U.S.C. §§ 1692e, 1692e(3)

and 1692e(10).

36.    Class D consists of all persons whom Defendant's records reflect resided in the

State of New York and who received telephonic messages from defendant's

representatives within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the telephone message was placed to a consumer seeking

payment of a consumer debt; and (c) that the telephone messages did not qualify that the

person leaving the message was a non-attorney at the firm in violation of 15 U.S.C. §§

1692e and 1692e(10).

37.    Class E consists of all persons whom Defendant's records reflect resided in the

8

State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone threatened unintended legal action in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

38.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class

9

members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

42. The actions of the defendant violate the Fair Debt Collection Practices Act.

43. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

10

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiff*

44. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

45. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating eighteen (18) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

46. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant also without having included the proper name of the defendant or any name for that matter.

47. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue.

48. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

49. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

11

50. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

Violations of the Telephone Communications Privacy Act

51. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as"

12

or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

52.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

53.     Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

54. The actions of the defendant violate the TCPA.

55. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

> (a) Statutory damages provided under the TCPA and injunctive relief;
>
> (b) Any other relief that this Court deems appropriate and just under the circumstances.

> Dated: Cedarhurst, New York
> December 1, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

14